## MOON *v.* MARYLAND

No. 267.   Argued April 22, 1970—Decided June 8, 1970

*Robert Anthony Jacques* argued the cause and filed a brief for petitioner.

*Edward F. Borgerding,* Assistant Attorney General of Maryland, argued the cause for respondent.   With him on the brief was *Francis B. Burch,* Attorney General.

PER CURIAM.

"When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon retrial?" This was the question the Court dealt with last Term in *North Carolina* v. *Pearce,* 395 U. S. 711.   We held in that case that there exists no absolute constitutional bar to the imposition of a harsher sentence upon retrial, but that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.,* at 725.   "In order to assure the

absence of such a motivation," we held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.,* at 726. The *Pearce* case was decided on June 23, 1969.

In the present case the petitioner was found guilty of armed robbery by a Maryland jury and sentenced by the trial judge to 12 years' imprisonment. The conviction was set aside on appeal by the Maryland Court of Appeals. At a second trial for the same offense in 1966 the petitioner was again convicted, and this time the trial judge imposed a sentence of 20 years' imprisonment, less full credit for time served under the original sentence. This second conviction was affirmed on appeal. 250 Md. 468, 243 A. 2d 564. We granted certiorari, 395 U. S. 975, requesting counsel to brief and argue the question of the retroactivity of *North Carolina* v. *Pearce, supra.*

The facts that have emerged since the grant of certiorari impel us to dismiss the writ as improvidently granted. As an appendix to its brief, the respondent has filed an affidavit of the judge who presided at the second trial, setting out in detail the reasons he imposed the 20-year prison sentence. Those reasons clearly include "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." But the dispositive development is that counsel for the petitioner has now made clear that there is no claim in this case that the due process standard of *Pearce* was violated. As counsel forthrightly stated in the course of oral argu-

ment, "I have never contended that Judge Pugh was vindictive."

Accordingly, the writ is dismissed as improvidently granted.

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE HARLAN would reverse the judgment below based on his separate opinions in *Desist* v. *United States*, 394 U. S. 244, 256, and in *North Carolina* v. *Pearce*, 395 U. S. 711, 744.

MR. JUSTICE MARSHALL took no part in the decision of this case.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner was first convicted of armed robbery in 1964 and received a 12-year sentence. On appeal the judgment was reversed. He was tried again in 1966 for armed robbery, again convicted, and this time received a sentence of 20 years. Under Md. Ann. Code, Art. 27, § 488 (1967 Repl. Vol.), the maximum punishment possible was 20 years. As I stated in my separate opinion in *North Carolina* v. *Pearce*, 395 U. S. 711, 726, 727: "He [the defendant] risks the maximum permissible punishment when first tried. That risk having been faced once need not be faced again." That is the respect I think is due the constitutional guarantee against double jeopardy.

I would reverse the judgment below.