**UNITED STATES of America,**
**Appellee,**

v.

**David LOPEZ, Appellant.**

**No. 769, Docket 34593.**

United States Court of Appeals,
Second Circuit.

Argued May 8, 1970.

Decided June 24, 1970.

Richard Ben-Veniste, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the Southern District of New York, and Jack Kaplan, Asst. U. S. Atty., on the brief), for appellee.

Lloyd A. Hale, New York City (Louis Bender, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, WATERMAN, Circuit Judge, and JAMESON, District Judge.*

JAMESON, District Judge:

This is an appeal, pursuant to 28 U.S. C. § 1291, from an order denying appellant's motion to reduce and correct a sentence imposed on March 26, 1969.

Appellant was first tried with seven other defendants on indictments charging a conspiracy to defraud the United States and 84 substantive counts involving violation of criminal statutes relating to filing and processing federal income tax returns. The defendants were an employee and a former employee of the Internal Revenue Service and six taxpayers. At the close of the Government's case, the court dismissed the conspiracy count as to all defendants. It also dismissed one substantive count as to Lopez, who was convicted on four counts. In United States v. Branker, et al., 395 F.2d 881 (9 Cir. 1968) this court held that the district court erred in denying the motion of the taxpayer defendants, including Lopez, for separate trials. Appellant was again convicted in a second trial, and the judgment of conviction was affirmed by this court. United States v. Lopez, 420 F.2d 313 (1969).

In both trials the defendant was convicted on the same four counts—69, 70, 76, and 77. Counts 76 and 77 charged that appellant violated 26 U.S.C. § 7206 (1) by stating in his 1960 and 1961 income tax returns that he had paid an estimated tax of $10,000, knowing this to be untrue. Counts 69 and 70 charged appellant with making false returns against the United States for refunds, in violation of 18 U.S.C. § 287.

Following the first trial the court imposed concurrent sentences of one year and three months imprisonment on each count and fined appellant $5,000 on each of counts 76 and 77. Following the second trial, in a judgment entered March 26, 1969, the court reimposed the same

---

* Sitting by designation.

sentence of imprisonment and the same fines on counts 76 and 77. In addition the court imposed a maximum fine of $10,000 on each of counts 69 and 70.

After the affirmance of the second conviction, appellant filed a motion pursuant to Rule 35 F.R.Cr.P. to correct the sentence imposed on March 26, 1969, by eliminating the fines of $10,000 on each of counts 69 and 70 and reducing the term of imprisonment. Following a hearing, the court entered an amended judgment and commitment on December 16, 1969, which added a provision that appellant would become eligible for parole at such time as the Board of Parole may determine, pursuant to § 4208(a)(2) of Title 18 U.S.C., but made no change in the fines imposed.

Appellant contends that the imposition of the additional fines following the second trial was illegal under the decision of this court in United States v. Coke, 404 F.2d 836 (9 Cir. 1968) and the decision of the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Following the first trial and prior to the imposition of sentence, appellant's accountant prepared and appellant signed a financial statement of appellant and his wife showing assets of $276,378.30 and liabilities of $103,020.57 for a net worth of $173,357.73 as of December 31, 1965. A similar statement following the second trial showed assets of $338,-889.00 and liabilities of $29,400.00 for a net worth of $309,489.00, as of December 31, 1968.[1] Both statements were submitted to the probation office on forms provided by that office.

A letter from the accountant dated December 5, 1969 recited that the increase in net worth between December 31, 1965 and December 31, 1968 resulted primarily from the sale of an asset which had been shown on the December 31, 1965 statement at its cost value of $10,000. According to the accountant, this asset was sold subsequently "for approximately $125,000, the bulk of which amount was represented by Notes Receivable to be collected over a period of five years. This deferred asset is reflected in the December 31, 1968 Financial Statement."[2]

Following the imposition of sentence on March 26, 1969, counsel for appellant raised the question of whether the additional fine came "within the prohibition of the Coke case." In response, the court said:

"I have given careful consideration to that, particularly in light of the Second Circuit Court of Appeals decision in the United States against Coke, 404 F.2d 836, and since you have raised the question, I am going to ask that these two financial statements be marked as a Court exhibit. If the parties desire to have them kept confidential, I will be glad to have them marked in camera, but they will be marked as a Court exhibit for the reason that they disclose a change in circumstances and the change, in my opinion, is substantial enough to warrant the imposition of an additional fine.

"I think that the additional fine is quite permissible within the teachings of the Coke case."

1. It will be noted that during the three year interval between the two statements, the assets increased by approximately $62,500 and the liabilities decreased by approximately $74,800. The major increase in assets was in notes receivable, which increased by $69,250. There was also a rather substantial increase in cash and a corresponding reduction in stock ownership. Under liabilities, the 1965 statement showed a lien of $82,000. There is no amount under this item in the 1968 statement. This reduction resulted from the payment of a tax lien filed by the Internal Revenue Service.

2. The two financial statements were considered by Judge Mansfield at the time of imposition of sentence on March 26, 1969. The accountant's letter was written several months later, but was considered at the hearing on the motion to correct the sentence on December 16, 1969.

Appellant's present contention that the additional fines were illegal was not raised on the appeal from the judgment of conviction. Appellee argues that appellant accordingly has waived his right to complain of the alleged illegality in his sentence. It is true that this alleged error could have been raised on the appeal from the second conviction and it would have been the better practice to do so. Rule 35 F.R.Cr.P., however, provides in pertinent part: "The court may correct an illegal sentence at any time * * *." Under this rule appellant has not relinquished his right to question the legality of his sentence in this proceeding.[3]

In June, 1969, the Supreme Court decided North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656,[4] holding that:

"Due process of law * * * requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence that he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U.S. at 725–726, 89 S.Ct. at 2080–2081.[5]

Mr. Justice White, concurring in part, joined in the Court's opinion except that in his view "Part II–C (a portion of which is quoted supra) should authorize an increased sentence on retrial based on any objective, identifiable factual data not known to the trial judge at the time of the original sentencing proceeding." 395 U.S. at 751, 89 S.Ct. at 2089.[6]

Were the additional fines permitted under the rules set forth in North Carolina v. Pearce?[7] While this case was cited in the affidavit of appellant's counsel in support of the motion to correct and reduce the sentence, it was not mentioned in oral argument or in the colloquy between court and counsel at the December 16, 1969 hearing, or in the court's oral findings following that hearing. The findings read:

"I have thought about this. As I see it, the purpose of a fine, when it

3. See Heflin v. United States, 358 U.S. 415, 418, 422, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), reh. denied 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962); United States v. Coke, *supra*, 404 F.2d at 847–848.

4. This was subsequent to the imposition of sentence on March 26, 1969, but prior to the hearing on the motion to correct sentence held December 16, 1969.

5. The same rule was followed in the recent case of Moon v. Maryland, decided June 8, 1970, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262, the Court holding that an affidavit of the judge who pre-

sided at the second trial clearly indicated that the increase in sentence was based upon identifiable conduct "occurring after the time of the original sentencing proceeding."

6. In essence this viewpoint was expressed by Judge Lumbard in his concurring opinion in United States v. Coke, 404 F.2d at 848–849.

7. There is no suggestion in this case of vindictiveness on the part of the trial judge. The sole question is whether the imposition of the additional fines was based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."

comes to this kind of a case, is punishment. It seems to me that punishment is effective only if the fine has real meaning, and that depends upon the capacity and the financial standing of the person against whom the fine is imposed.

"Obviously, if he were worth $30,-000,000, a fine would not mean anything, that is, the maximum statutory fine. On the other hand, if he were worth only $30,000, it would be catastrophic to impose a $30,000 fine.

"It seems to me quite within the spirit and the teachings of the Coke case that if there are new facts that are brought to the attention of the Court between the first and second sentencings, then I think the second court has the right to take them into consideration insofar as they pertain to punishment.

"Here there were new facts. The new facts were that this man's capacity to pay and his net worth was $125,000 greater than the court that imposed the original sentence had before it.

"I think that that is a factor that I am entitled to take into consideration and I did take into consideration. The Court in Coke was not concerned with fines; it was concerned with actual physical incarceration as a punishment and deterrent."

The reasons assigned by the district court are clear. When the sentence was imposed, the court found that the statements disclosed a "change in circumstances since the time when Judge Wyatt imposed his sentence, and the change * * * is substantial enough to warrant the imposition of an addi-

tional fine." In denying the Rule 35 motion the court found that there were "new facts * * * brought to the attention of the Court between the first and second sentencing," consisting of appellant's "capacity to pay" and the fact that "the net worth was $125,000 greater than the court that imposed the original sentence had before it." There is no suggestion that appellant engaged in any antisocial conduct subsequent to the imposition of the first sentence or that the evidence of his participation in the crime presented at the second trial was any different from the evidence at the first trial.[8] Nor is there any finding of fraudulent misrepresentation or concealment of assets in the statements prepared by appellant's accountant and signed by appellant.

Had the Supreme Court in *Pearce* adopted the rule suggested by Mr. Justice White, the imposition of the additional fine would be justified on the basis of "factual data not known to the trial judge at the time of the original proceeding." It does not appear, however, that the reasons for the increase in the sentence were based upon "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding."[9]

Reversed and remanded with instructions to correct sentence by eliminating the fines of $10,000 on each of counts 69 and 70.

LUMBARD, Chief Judge (dissenting):

I dissent from so much of the Court's opinion as directs a correction of the sentence.

I would remand to the district court with instructions that would permit it,

---

8. Nor does appellant come within the other "types of reasons" specifically suggested in United States v. Coke whereby a judge might conclude that a higher sentence was required upon retrial. 404 F.2d at 842–843. See also footnote 11, p. 846.

9. The rule in *Pearce* is applicable even though a fine rather than imprisonment is involved. Judge Mansfield properly recognized that a fine is punishment. In a different context in *Pearce*—that crediting of time on a new sentence—the Court recognized that the same rule would be applied with respect to a fine. 395 U.S. at 718 n. 12, 89 S.Ct. 2072. See also Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874).

in its discretion, to conduct a hearing into the question of whether the appellant David Lopez failed to make full disclosure regarding his assets to Judge Wyatt, the judge who first sentenced him. Although it is true, as Judge Jameson states, that Judge Mansfield made no finding that there had been fraudulent misrepresentation or concealment of assets, the record before us leaves me with the impression that Judge Mansfield may have suspected this to be the case. In discussing the increased sentence with Lopez' counsel, Judge Mansfield stated:

> "Yes, but you have to look at it from the standpoint of what the Court saw rather than what you are telling me underlay the figures. When the Court first saw it, all the Court saw was that he had property worth $10,000. The next time the Court saw it, which was when I imposed sentence, he had property which was worth $140,000."

I am of the opinion that in a case such as this, the second sentencing judge shoud be permitted to examine the question of whether the defendant had misled the Court as to his financial condition when sentence was imposed following the first conviction. Such conduct by a defendant who has been retried, if established on the record at a hearing by the second sentencing judge, would justify an increase in the fines imposed.

This kind of inquiry and finding by the second sentencing judge could hardly be denominated as "vindictiveness against a defendant for having successfully attacked his first conviction." North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1959). It is a finding that, after his first conviction, the defendant engaged in a deliberate attempt to mislead the court as to the amount of his assets, in the hope of being fined in a lesser amount than would have been the case had the facts been fully disclosed. Moreover, as the Court in *Pearce* noted, the factual data upon which the increased sentence is based would be part of the record, "so that the constitutional legitimacy

of the increased sentence may be fully reviewed on appeal." *Id.*, at 726, 89 S.Ct., at 2081. I cannot believe that by specifying that the increased sentence "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing," *id.*, the Supreme Court intended to let those defendants facing fines in effect escape punishment by concealing the true value of their assets from the court imposing sentence in the first instance.