RICHARD HAMMOND, Petitioner, v. STATE OF TENNESSEE, Respondent.

464 S.W.2d 328.

Court of Criminal Appeals of Tennessee. Oct. 30, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

Kyle R. Weems, Chattanooga, for petitioner.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John R. Seymour, Asst. Dist. Atty. Gen., Chattanooga, for respondent.

## OPINION

DWYER, Judge.

Richard Hammond, serving a ninety-nine year sentence imposed upon him by a jury in the Criminal Court of Hamilton County on February 1, 1963, appeals from the judgment of the trial court in Hamilton County dismissing, after an evidentiary hearing, his petition for relief heard under the Post-Conviction Procedure Act. His conviction and confinement resulted from his being found guilty of unlawful carnal knowledge of a female

under the age of twelve (age four). At the trial he was represented by court-appointed counsel. The record before us reflects he had on a prior occasion, March of 1964, in Davidson County petitioned for a writ of habeas corpus but at the hearing withdrew his petition. The transcript of that hearing is an exhibit in this record. It further appears in this record that petitioner was granted an evidentiary hearing on May 16, 1969, in the trial court wherein his conviction was imposed. The trial judge dismissed his petition after a finding of fact and law. On June 19, 1969, the attention of the court was called to T.C.A. § 40-3803, as amended, providing that to hear post-conviction cases the Chief Justice of the Supreme Court shall designate a judge other than the one who presided at the criminal trial. The trial court granted petitioner a new hearing and transferred the matter to another division of the Criminal Court of Hamilton County. On October 16, 1969, after another evidentiary hearing the petition was dismissed by order after a finding of fact and law on December 17, 1969.

Through court-appointed counsel petitioner alleges that his conviction is void and the trial court erred in dismissing his petition on the following grounds: (1) he was denied a speedy trial; (2) the confession used against him was coerced; (3) he was denied the right to testify in his own defense; and (4) he was denied the right to appeal. At the hearing petitioner testified that he was drunk at the time of arrest and that the officers beat him and threatened him with further beatings if he did not confess. He further related that he was denied a speedy trial and that he had asked to be tried as soon as possible. He further related that his court-appointed at-

torney told him that he should not testify and that he had no recourse except to follow this advice. He further related that he had requested an appeal but his court-appointed attorney did not do anything about it. Petitioner called his grandmother, mother and father as witnesses in his behalf. The grandmother related petitioner was drunk at the time of arrest and she did not see any beating. His mother related that petitioner, while in jail, did not say anything to her about wanting a speedy trial; that she was present when he was arrested and did not see the police beat him; and that he had been drinking a little. The father related he saw petitioner in the squad car and his face looked to be "swolled up." The State called the attorney who represented petitioner at his trial and he related that he was a member of the Hamilton County Bar Association since 1961; that he was appointed to represent petitioner and that he spent a "whale" of an amount of work preparing his case. He related that when the jury went out he, petitioner and petitioner's father discussed an appeal and decided definitely to appeal if petitioner received a death sentence and not if it were anything less. It appears from the record petitioner had two court-appointed attorneys at the trial, one testifying at this hearing, the other being out of the State. He related that petitioner had told him that he would be satisfied with anything less than death; that they all agreed there would be no appeal if the sentence was less than death; that he had filed a motion for a new trial which was overruled, and that the reason he did not appeal the judgment was because petitioner did not desire an appeal; that petitioner had never requested of him to move for a speedy trial; that several continuances were had in the cause; that he would have allowed peti-

tioner to testify if he had so desired; that he recalled from the circumstances of the case that it would have been his judgment for petitioner not to testify. The arresting officer testified and related that he did not beat or coerce petitioner in any manner in order to obtain the confession. The trial court found against the petitioner on all of his contentions. See Lloyd v. State, Tenn., 440 S.W. 2d 797; Waddy v. Heer, 383 F.2d 789 (6th Cir. 1967).

It was held in State ex rel. Lawrence v. Henderson, Tenn.Crim.App., 433 S.W.2d 96, that:

"In considering these Assignments of Error, we must adhere to the settled rule that the findings of the trial court, upon questions of fact, are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; Gray v. Johnson, (6th Cir., 1965) 354 F.2d 986; Bates v. Meadows, (6th Cir., 1966) 358 F.2d 674.

\* \* \* \* \* \*

"The burden of proving his allegations that his conviction and sentence are void was on the petitioner. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232. He has not carried that burden. \* \* \*"

Nor has petitioner in this record.

■ ■ The trial court found petitioner's trial was reached in regular order and there was no undue delay. The record supports this finding of the trial court. Moreover, petitioner should have raised this question prior to

his plea of not guilty. It may not be raised now. See State ex rel. Underwood v. Brown, 193 Tenn. 113, 244 S.W.2d 168; State ex rel. Lewis v. State, Tenn.Cr.App., 447 S.W.2d 42. The assignment is accordingly overruled.

■ Petitioner's contention that his confession was extorted by force by the arresting officers, which testimony was repudiated by the arresting officer and his contention pertaining to his not being allowed to testify are fact situations which the court has resolved adversely to the petitioner. See Lloyd v. State, *supra.* The assignments are accordingly overruled.

■ ■ Petitioner contends he was denied his right to appeal by being in fear of receiving the death sentence in a second trial if he was successful. Petitioner cites Commonwealth v. Littlejohn, 433 Pa. 336, 250 A.2d 811, as his supporting authority. Petitioner's own testimony in this record refutes his contention. He testified that he has never been scared a day in his life and that he was not concerned about receiving a death sentence on this charge. Furthermore, the law refutes the contention of petitioner that if he were successful on his writ in obtaining a new trial he would be subjected to all of the penalties pertaining thereto on the new trial. In other words, the argument is put forth that the doctrine enunciated in Commonwealth v. Littlejohn, *supra,* would prohibit any increased punishment, which is not the law. See Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970).

Further, petitioner's contention is untenable in that if petitioner were successful in obtaining a new trial he

would then be confronted with receiving a death sentence which he alleges now is the factor that he asserts deterred his seeking an appeal. The trial court, as noted, found as fact that petitioner was not denied his right to appeal. Lloyd v. State, *supra.*

All contentions of petitioner weighed and found wanting the judgment of the trial court is affirmed.

We commend court-appointed counsel for his very able and conscientious representation of petitioner.