UNITED STATES of America,
Appellee,

v.

Donald John GAMBERT, Appellant.

No. 13808.

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1970.

Decided Nov. 10, 1970.

Harvey L. Golden, Columbia, S. C. (Court-appointed), for appellant.

Thomas F. Batson, Asst. U. S. Atty. (Joseph O. Rogers, Jr., U. S. Atty., on brief), for appellee.

Before BOREMAN and WINTER, Circuit Judges, and WOODROW W. JONES, District Judge.

BOREMAN, Circuit Judge:

Donald John Gambert was convicted on August 2, 1968, of interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312, and was sentenced on August 29, 1968,[1] to imprisonment for two years. This conviction was reversed on appeal and the case was remanded for a new trial because of an improper argument to the jury by the Assistant United States Attorney.[2] Upon retrial, over which a different judge of the same court presided, Gambert was again found guilty and was sentenced to a term of three years.

Appellant attacks his *conviction* on two grounds. He contends that the district court prejudiced his case by (1) overruling two objections to the prosecutor's argument to the jury and by sustaining an objection by the prosecutor during closing argument by defense counsel; and (2) that the court erred in denying his motion to dismiss and in failing to enter a judgment of acquittal after the presentation of the evidence on the ground that he was inappropriately charged under the Dyer Act. A careful review of the record discloses no support in law or fact for these contentions and the judgment of conviction is affirmed.

Appellant also attacks his *sentence*, claiming that the two-year sentence imposed at his first trial represented the

1. Sentence was delayed pending receipt of the probation officer's report of investigation.

2. United States v. Gambert, 410 F.2d 383 (4 Cir. 1969). The factual background may be found in the cited decision.

maximum sentence which could be imposed after conviction at his retrial. We agree that the imposition of the three-year sentence upon retrial was error.

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), decided prior to the imposition of the three-year sentence under challenge here, the Supreme Court held that there is no absolute constitutional bar to imposing a more severe sentence after appeal and upon conviction at a new trial. The Court made it clear, however, that due process of law prohibits the imposition of a greater sentence for the purpose of punishing the defendant for prosecuting a successful appeal and that, since the fear of such punishment may have an unconstitutional "chilling effect" upon a defendant's exercise of his right to appeal, due process requires that this fear be allayed. The Court stated:

> "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." North Carolina v. Pearce, *supra*, at p. 726, 89 S.Ct. at p. 2081.

Here there can be no claim that the greater sentence imposed upon Gambert represented an attempt to punish him for successfully appealing his prior conviction, nor does he make such a claim. The record indicates that the district judge, at the time of sentencing, either had no information at all or was misinformed as to the extent of the earlier sentence.[3] The initial question then is whether the procedural rule announced in *Pearce* extends to a situation where it is clear that vindictiveness played no part in sentencing upon reconviction.

The constitutional bases upon which *Pearce* rests are the violations of due process inherent in either vindictiveness on the part of the trial judge upon resentence or fear of possible vindictiveness by a defendant contemplating an appeal. Thus, it would appear that there would be no violation of either *constitutional* safeguard where a resentencing judge acts without information, whether through inadvertence or even intentional failure to make inquiry, and imposes a greater sentence upon reconviction. However, the procedural rule formulated and announced in *Pearce* unequivocally requires that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Pearce* further requires that these reasons assigned by the court "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," a standard which plainly discountenances the imposition of a greater sentence by a judge who takes a subjective view of identical facts different from that of the first sentencing judge and concludes that the very nature of the offense warrants more severe punishment.

We cannot escape the conclusion that the rule announced in *Pearce* thus

---

3. THE COURT: * * * to the custody of the Attorney General for a period of three years.

   MR. GOLDEN: May it please the court, I was under the impression that since he received a sentence of two years last time he could not receive a sentence in excess of two years this time.

   THE COURT: He was sentenced to two years before?
   MR. GOLDEN: Yes, sir.
   THE COURT: Is that correct?
   THE CLERK: Yes, sir, I'm sorry.

goes further than its constitutional geneses. In effect, it assures a defendant whose conduct after the initial sentencing does not reflect adversely upon his "life, health, habits, conduct, and mental and moral propensities," [4] that he has nothing to fear in exercising his right to appeal. It is our view that a defendant should not be deprived of this assurance by the failure of the judge at his second trial to acquaint himself with the results of the first.[5] We hold that the procedural rule announced in *Pearce* is applicable in the instant case.

■ Twelve days after pronouncing sentence, the district judge who presided at the retrial entered an order in which he undertook to comply with *Pearce* by assigning reasons for increasing Gambert's sentence. The judge stated:

"This Court concluded that a three (3) year sentence was warranted in light of the defendant's own testimony, whereas in the first trial the Court did not have the benefit of his testimony in passing sentence since the defendant did not testify in that trial. This Court had before it in imposing sentence the defendant's own contentions, inconsistencies and incredible explanations not before the previous sentencing Court. This Court considered a more severe sentence justified in light of the new evidence adduced at the second trial through defendant's own testimony."

While we entertain no doubt that new evidence adduced at the second trial would, under some circumstances, justify increasing the length of the sentence originally imposed, *Pearce, supra* p. 723, 89 S.Ct. 2072, and that such evidence could possibly be found "where the defendant takes the stand at the second trial and produces an impression as to guilt contrary to that intended," United States v. Coke, 404 F.2d 836, 843 (2 Cir. 1968), this new evidence ordinarily would serve to justify a greater sentence only where it "reveals the crime to have been more dastardly or the defendant to have played a much larger role than was first supposed." United States v. Coke, *supra*, p. 842. Testimony of the defendant at his second trial which reveals "inconsistencies and incredible explanations not before the previous sentencing Court" does not constitute "identifiable conduct" of the type contemplated by *Pearce.* The explanation here given for the increased sentence clearly implies

---

4. Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The quoted language lifted from *Williams* was made applicable to factual situations of the instant type in North Carolina v. Pearce, 395 U.S. 711, at 723, 89 S.Ct. 2072, at 2079, 23 L.Ed.2d 656.

5. In Moon v. Maryland, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970), involving the imposition of a greater sentence after retrial in 1966, the Supreme Court granted certiorari and requested counsel to brief and argue the retroactivity of North Carolina v. Pearce. Subsequently, the Court dismissed the writ of certiorari as improvidently granted on the ground that facts which had emerged after the grant of the writ disclosed no claim that the greater sentence upon retrial was an attempt to punish defendant for successfully appealing his prior conviction for the same offense. The Court stated:

[T]he dispositive development is that counsel for the petitioner has now made clear that there is no claim in this case that the due process standard of *Pearce* was violated. As counsel forthrightly stated in the course of oral argument, "I have never contended that Judge Pugh was vindictive."

398 U.S. at 320–321, 90 S.Ct. at 1731.

*Moon* stands for the proposition that an issue does not arise as to the retroactive application of the *constitutional standards* of *Pearce* where there is no claim of vindictiveness on the part of the resentencing judge. *Moon* would appear to have no precedential value to us in deciding in the instant case whether, prospectively, a resentencing judge must in every instance obey the *rule* of *Pearce* and assign reasons to justify the imposition of an increased sentence. The question of whether the procedural *rule* announced in *Pearce* is applicable to cases which arose prior to that decision should be left for consideration and disposition in a case where the retroactive application of the *constitutional bases* for the rule is squarely presented.

added punishment of the defendant, without due process of law, for the commission of another crime, the crime of perjury.

While it does not appear from the record the amount of time which the defendant may have served it does appear that following his first conviction, after incarceration for a period of about six days, he was released on bail. Although the judgment of conviction is affirmed the case is remanded to the district court for resentencing to a term not in excess of two years with the direction that the defendant be given credit for all time served pursuant to either the first or second sentence.

Conviction affirmed. Remanded for resentencing.