UNITED STATES of America,
Plaintiff-Appellee,

v.

Fred Louis BELL, Defendant-Appellant.

No. 72-2816

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1972.

Rehearing Denied Jan. 12, 1973.

Leighton Cornett, Paris, Tex., for defendant-appellant.

Roby Hadden, U. S. Atty., Dennis Lewis, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Bell pled guilty in 1968 to five counts of bank robbery and was sentenced to serve a total of not more than six years. In May 1970, the district court granted Bell a new trial. Following conviction at this new trial, Bell was sentenced to ten years imprisonment on the same charges which originally resulted in a six-year sentence. The district court attempted to justify the increased sentence by attributing it to what the court considered "perjury" by appellant at the second trial. This court, in United States v. Bell, 5 Cir. 1972, 457 F.2d 1231, reversed the imposition of this higher sentence and entered the following clear mandate:

> In effect, Bell has been adjudicated guilty of the crime of perjury without a presentment to a grand jury, without a trial by a jury of his peers, without the right to present evidence in his behalf, and without other procedural safeguards designed for the protection of an accused. United States v. Gambert, 433 F.2d 321 (4th Cir. 1970). In essence, summary punishment has been inflicted upon Bell without due process of law. We therefore vacate the judgment and sentence and remand the cause to the district court with directions to impose a new sentence not to exceed six years.

On remand the district court chose to disregard the clear and unequivocal mandate of this court and again sentenced appellant to ten years. We hereby order the District Court for the Eastern District of Texas to comply with this court's directions in United States v. Bell, supra, and to resentence this appellant forthwith to a term not to exceed six years.

Remanded with directions.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.