**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry William THERIAULT, a/k/a Shiloh, Bishop of Tellus, Defendant-Appellant.**

**No. 74–3280.**

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1976.

Affirmed in part; vacated and remanded in part, see 531 F.2d 281.

Sam Dwyer, El Paso, Tex. (Court-appointed), Roderick Surratt, Dallas, Tex. (Court-appointed), for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant-defendant Theriault, also known as "Shiloh, Bishop of Tellus" (appellant), was convicted of wilful depredation of federal property[1] and of assaulting federal officers.[2] During his entire trial before a jury he was shackled in handcuffs, leg irons and a waist chain. One of the errors specified by the appellant is founded on the contention that the record fails to disclose that the district judge exercised his discretion in requiring the shackling. Indeed, he asserts that the record establishes just the opposite, that is, that there was no exercise of discretion by the court in the decision to try him in shackles but that the district judge relied entirely on the decision by United States Marshals that shackles were necessary.

On the other hand, the government insists that the record does reflect an exercise of discretion by the trial court. The government contends that, although the record does indicate reliance by the court on the marshals' decision, it may also be read to support a legitimate and reasonable inference that discretion was exercised by the court.

In these circumstances we have decided to retain jurisdiction of this case, but to hereby direct a limited remand to the district court. The district judge is requested to supplement the record with a succinct statement of all of the reasons, facts and matters from which he concluded to require the appellant to be tried before a jury in shackles. That court is further requested to specify those portions of the record, or other matters, if any, of which the court took judicial notice, that tend to show the exercise by the court of its sound discretion with respect to the shackling. Copies of the district court's statement shall be mailed to counsel and within ten days of its filing counsel may file memoranda discussing the legal sufficiency of the statement to justify the shackling. We will then proceed to final decision on all issues raised in this case. This procedure was used by the Fourth Circuit in *United States v. Samuel,* 431 F.2d 610, *appeal after remand,* 433 F.2d 663 (4th Cir. 1970) (no abuse of discretion in shackling), *cert. denied,* 401 U.S. 946, 91 S.Ct. 964, 28 L.Ed.2d 229 (1971).

The procedure we have adopted here of retaining jurisdiction and remanding for the limited purpose of clarifying the record is not without precedent. In *Moon v. Maryland,* 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970), for example, the Supreme Court had granted certiorari to consider the retroactivity of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the case

---

1. This count charged a violation of 18 U.S.C. § 1361, which applies when the damage exceeds $100. Appellant was sentenced to ten years under this count.

2. This violation was charged in two counts, one for assaulting Officer Schlonga and one for assaulting Officer Herberger, in violation of 18 U.S.C. § 111. Appellant was sentenced to three years on each of these counts. All sentences were to be served consecutively.

which had held that, upon retrial of a criminal defendant, the reasons for imposition of a harsher sentence must affirmatively appear on the record. In *Moon,* however, the Court dismissed the writ as improvidently granted because, after the grant of certiorari, respondent filed an appendix consisting of "an affidavit of the judge who presided at the second trial, setting out in detail the reasons he imposed the [harsher] sentence," 398 U.S. at 320, 90 S.Ct. at 1731, 26 L.Ed.2d at 264.[3] Thus, relying on "[t]he facts that have emerged since the grant of certiorari,"[4] the Court dismissed the writ.

Moreover, in *Ehlert v. United States,* 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), petitioner argued that his selective service classification should be reopened because his philosophy as a conscientious objector had crystallized after receipt by him of his induction notice. The Court held that a Selective Service regulation could validly provide for rejection of such post induction-notice claims, provided, however, "that no inductee could be ordered to combatant training or service before a prompt, fair, and proper in-service determination of his claim," 402 U.S. at 101, 91 S.Ct. at 1322, 28 L.Ed.2d at 630. There was no such specific regulation at that time, but there was the general "change of circumstances" regulation.[5] Accordingly, the *Ehlert* Court turned to the administrative interpretation of this regulation to determine whether a practice for a fair in-service hearing was in effect. Such a practice, apparently, was not clearly established by the record below,

but the Supreme Court found that it did, in fact, exist:

> We are assured, however, by a letter included in the briefs in this case from the General Counsel of the Department of the Army . . . that present practice allows presentation of such claims, and that there thus exists no possibility that late crystallizers will find themselves without a forum in which to press their claims. Our conclusion [affirming Ehlert's conviction and rejecting his contentions] in this case is based upon that assurance.

402 U.S. at 107, 91 S.Ct. at 1325, 28 L.Ed.2d at 632–33 (footnotes omitted).

Finally, we note that precedent for an order directing limited remand to allow action by the district court exists in this circuit in our routine handling of a motion for a new trial made while a case is pending before this court, see, e. g., *Thurmond v. United States,* 377 F.2d 448, 449 n. 2 (5th Cir. 1967) (district court requested to certify whether he would grant a new trial in the event of remand). As indicated earlier, there is specific precedent in the Fourth Circuit for such a remand on the shackling question, *United States v. Samuel, supra; see United States v. Thompson,* 432 F.2d 997 (4th Cir. 1970), *cert. denied,* 401 U.S. 944, 91 S.Ct. 955, 28 L.Ed.2d 226 (1971).

The Clerk of this Court is directed to send forthwith a copy of this per curiam to the District Judge who presided at the trial and copies to counsel for the parties.

Remanded with directions.

---

**3.** We note also that the *Moon* Court observed that the fact that petitioner's counsel had abandoned his *Pearce* claim was "the dispositive development", and made clear that there was no claim that the due process standard of *Pearce* had been violated, 398 U.S. at 320, 90 S.Ct. at 1730–1731, 26 L.Ed.2d at 264.

**4.** *Id.,* 398 U.S. at 320–321, 90 S.Ct. at 1730–1731, 26 L.Ed.2d at 263.

**5.** 32 C.F.R. § 1625.2(a) (proviso) (1975) states that a registrant's classification will not be reopened on his own request or on motion of the local board, after mailing of the induction notice, "unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."