William NELSON, Petitioner,

v.

Louis LEFKOWITZ, Attorney General of the State of New York, et al., Respondents.

No. 77 Civ. 833 (LFM).

United States District Court, S. D. New York.

March 22, 1977.

Saxe, Bacon & Bolan, P.C., New York City, for petitioner by Michael Rosen, New York City.

Louis J. Lefkowitz, Atty. Gen. of N.Y., New York City, for respondents by Daniel Polansky, Henriette B. Frieder, Asst. Attys. Gen., New York City.

## OPINION

MacMAHON, District Judge.

Petitioner applies for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We deny the application.

■ We note initially that there is some doubt about the fulfillment of the requirement of 28 U.S.C. §§ 2241 and 2254 that petitioner be "in custody" at the time he petitions this court for a writ of habeas corpus. While defendants not actually incarcerated may, under some circumstances, be considered "in custody," see *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1972), we are by no means convinced that the severe restraint on liberty discussed in *Hensley* is present here. Nevertheless, in an effort to "cut through barriers of form and procedural mazes," *Harris v. Nelson*, 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969), and to bring to an end the seemingly endless litigation surrounding this case, we assume that petitioner is "in custody" and proceed to the merits of his claim.

Petitioner was convicted in the Town Court of Rochester, New York, on forty-eight counts of violations of New York Labor Law §§ 191 and 198–a, for his role in the knowing failure of Westwood Camp, Inc. to pay wages to its employees during the summer of 1974. Petitioner was sentenced on August 18, 1975 to a conditional discharge, providing that he make restitution of $40,000 with a payment of $2,500 one week after sentencing plus $75 per week thereafter. The conviction was affirmed on appeal to the Ulster County Court, but the case was remanded for resentencing since petitioner had not been given an opportunity to make a statement in his own behalf at the time of the first sentence, as mandated by New York Crim. Proc.Law § 380.50. The Attorney General conceded that the original sentence was invalid.

Petitioner was resentenced on August 23, 1976 to a three-year period of probation, again conditioned on his making restitution of $40,000, but under a schedule of payments different from that provided in the original sentence. The new terms provided for $7,000 to be paid at the time of sentence; $5,000 on September 8, 1976; $100 per week until August 10, 1979, at which time a final lump sum of $12,800 would be due. Under this schedule, the entire $40,-000 would be paid before the expiration of the three-year probationary period.

■ Petitioner claims that his resentence violated due process because it was more severe than the sentence imposed before his appeal to the County Court and that it therefore ran afoul of the rule enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the Supreme Court said that due process requires that criminal defendants be free from fear of retribution or vindictiveness by a sentencing judge in the event an appeal is successful and a new trial ordered. Accordingly, the Court ruled that a more severe sentence after retrial may be imposed only when the judge's reasons for imposing such a sentence appear on the record, "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726, 89 S.Ct. at 2081. Petitioner's reliance on *Pearce* is misplaced.

The *Pearce* decision was addressed to situations where a defendant is successful in setting aside his first *trial* on appeal, presumably because of the trial judge's error, thus running the risk of vindictiveness on resentencing after an entire new trial. As the Court clearly indicated at the outset of its opinion, the question presented was: "When at the behest of the defendant a criminal conviction has been set aside *and a new trial ordered*, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon *retrial*?" *Id.* at 713, 89 S.Ct. at 2074 (emphasis added). Petitioner's conviction, however, was

affirmed rather than set aside, and only the original sentence was vacated, on the concession of all involved (including the sentencing judge) that the failure to allow defendant his mandatory right of allocution precluded the imposition of sentence. While some situations involving the reversal of a sentence, short of retrial, may call into play the principles enunciated in *Pearce*, we see no violation of those principles here.

Assuming that the *Pearce* rationale might apply to resentencing when no new trial has been ordered, and assuming further that a change in probation conditions might carry some possibility of vindictive or retaliatory motive, this is clearly not such a case. The two sentences involved here are essentially alike, in that both allowed petitioner to remain at large on condition that he repay the $40,000 owed to Camp Westwood employees. While the second sentence might be considered more "severe" in the sense that a faster payment schedule was imposed, it is clear that the judge's imposition of that schedule was justified, indeed required by New York law.

Under Penal Law § 65.00(3)(d), petitioner could be placed on probation for a maximum of three years. It appears affirmatively on the record that the judge was plainly attempting on resentencing to arrange a schedule of payments that would not exceed the maximum probationary period. The first sentence was apparently illegal since it exceeded the maximum time period allowed by law, and it appears that the court was precluded from correcting the original sentence by a stay obtained by petitioner.

Furthermore, the court had before it at the resentencing an updated presentence report, which included information as to petitioner's guilty plea to federal charges in October 1975 (after the original sentence), as well as arrest records containing some information predating the original sentence. It appears, however, that the arrest records were not available to the court at the original sentencing because of petitioner's failure to reveal that information to the probation officer preparing the report, and that the records were obtained from the FBI only through petitioner's fingerprints.

In spite of the court's awareness of the updated presentence report and petitioner's record of criminal activity, it appears that this information did not play a significant role in fixing the payment schedule.

Clearly, there is no violation of the *Pearce* standards to the extent that the court may have considered the October 1975 guilty plea in federal court. Nor is there any violation of due process in the court's knowledge and possible consideration of information of petitioner's earlier record, in view of his failure to reveal that information during the original presentence investigation. In any event, decisions since *Pearce* clearly reveal the Court's intention that a determination of constitutionality of resentences should focus on the presence of actual or probable vindictiveness or retribution. Thus, in *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973), the Court said:

"*Pearce* was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process. * * *

Subsequent cases have dispelled any doubt that *Pearce* was premised on the hazard of vindictiveness [citing *Moon v. Maryland*, 398 U.S. 319, 90 S.Ct. 1730, 26 L.Ed.2d 262 (1970), and *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)]."

We have examined the transcript of the resentencing proceedings and find no evidence of vindictiveness or retaliatory motive whatsoever. In fact, our reading of the sentencing proceedings convinces us that the judge went to great lengths to accommodate petitioner in fashioning a repayment schedule that would reconcile petitioner's professed desire to make restitution

with his ability to pay and with the need to complete such payment in three years.

In short, we find there is no basis for claiming that the slightly more rigorous payment schedule imposed upon resentencing was a result of retaliation or vindictiveness and that petitioner's right to due process, as set forth in *North Carolina v. Pearce,* has not been violated.

Accordingly, petitioner's application for a writ of habeas corpus is denied. The stay of petitioner's sentence heretofore granted is vacated.

So ordered.