This is an appeal from the denial of a petition for writ of error coram nobis.
The defendant pled guilty to three indictments charging the offense of robbery. Alabama Code 1975, Section 13-3-110. Sentence in each case was eleven years' imprisonment (to run consecutively).
Section 13-3-110 specifically provides that the punishment for robbery is "imprisonment in the penitentiary for not less than 10 years, or as otherwise specified by law." Section 15-18-23 provides: "When no maximum limit to the duration of the imprisonment is prescribed by law, the court may, in its discretion, sentence the offender to imprisonment for the term of his natural life."
Before accepting the guilty plea, the trial judge erroneously advised the defendant of the maximum punishment.
 "THE COURT: All right, let me explain to you that under the law the range of punishment for a conviction for the offense of robbery is no less than ten years in the state penitentiary, and is there any limit?
"MR. BUTTRAM (Defense Counsel): No, sir. *Page 1277 
 "THE COURT: And the law does not impose a maximum number of years that could be imposed, which means you could receive any number of years in excess of ten upon a conviction for the offense of robbery."
Two weeks after the guilty plea had been accepted, the defendant adjudged guilty and sentenced, the defendant was brought back before the court and the maximum sentence was properly explained to him.
 "THE COURT: I explained to you the law in regard to the sentences that could be imposed for a conviction of robbery. I told you on that occasion that the range of punishment for the offense of robbery was from ten years in the state penitentiary to a period of time for which the statute mentioned no maximum time. In fact, the maximum period of time for the offense of robbery is life in the state penitentiary. I wanted to make that known to you and ask you if you still, with that information, wish to have your pleas of guilty entered in those cases.
"MR. CHAPMAN: Yes, sir."
The defendant testified that no one told him he could withdraw his pleas of guilty and that it was his own impression that he could get the death penalty.
Defense counsel testified that he had advised the defendant of the proper minimum and maximum sentence prior to the entry of the guilty plea: "To the best of my knowledge, according to the sentences provided by law, I advised him it would be a minimum of ten up to life." Defense counsel also indicated that, after the trial judge had incorrectly stated the range of punishment, "the Judge was going to instruct him further as to the limits of punishment as to these cases and if he didn't desire to adhere to his plea of guilty that he could withdraw his plea of guilty and go to trial on it."
Informing a defendant of the nature of the charge and the consequences of a guilty plea is a crucial element in fashioning an intelligent and voluntary waiver. The defendant must be informed of maximum and minimum possible sentences as "an absolute constitutional prerequisite to acceptance of a guilty plea." Carter v. State, 291 Ala. 83, 85, 277 So.2d 896
(1973). However, the subjective beliefs of a defendant on the matter of how much sentence will be imposed, when unsupported by any promise from the State or indications by the court, are insufficient to invalidate a guilty plea. Bailey v. State,375 So.2d 519, 521 (Ala.Cr.App. 1979). The fact that the defendant pled guilty because he thought he would face the electric chair if he did not is insufficient, in and of itself, to warrant the granting of the writ. Brown v. State, 373 So.2d 1232
(Ala.Cr.App. 1979).
The reason a defendant must be advised of the maximum sentence he could receive in pleading guilty is so that his plea will represent a knowing and intelligent choice among known alternatives. Here, the record shows that the defendant still wanted to plead guilty after learning the correct maximum sentence he could receive in each case. This removes any speculation as to what the defendant might have done had he been properly informed at the outset. The facts of this case hardly afford any basis for a finding that the defendant was misled by the erroneous advice of the trial judge.
In a coram nobis proceeding the petitioner bears the burden of submitting clear, full and satisfactory proof. The degree of proof is "highly exacting" as to facts and "always means more than reasonably satisfying" the judge of the truth of his allegations. Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979). In reviewing the allegations contained in a petition for writ of error coram nobis, the trial court's judgment is presumed correct as is the voluntariness of a guilty plea. Warev. State, 44 Ala. App. 679, 219 So.2d 910 (1969); Champion v.State, 44 Ala. App. 660, 219 So.2d 416 (1969).
Our review convinces us that the guilty plea was voluntarily and intelligently entered by the defendant with a full understanding of the maximum punishment he could receive. *Page 1278 
The fact that a defendant who has knowingly and intelligently pled guilty later becomes dissatisfied with the sentence he received does not constitute a ground for invalidating the guilty plea. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.