BOWEN, Presiding Judge.
Damon Andrew Thompson, the appellant, pled guilty to the offense of manslaughter involving the killing of Pat Bryant. Sentence was fifteen years’ imprisonment.
In establishing the voluntary and intelligent nature of the guilty plea, the trial judge erroneously informed Thompson that “the minimum sentence is one year and one day; the maximum is ten.” Manslaughter is a class C felony. Alabama Code Section 13A-6-3 (1975). The sentence for a class C felony is “not more than 10 years or less than 1 year and 1 day” Section 13A-5-6(a)(3), except that when a firearm is used in the commission of that felony, the sentence is “not less than 10 years.” Section 13A-5-6(a)(5). In Smith v. State, 6 Div. 977 (Ala.Cr.App.1983), cert. denied, (Ms. 82-998, November 4, 1983) (Ala.1983), this Court held that the term of imprisonment for manslaughter in which a deadly weapon was used is ten years. The trial judge should have advised Thompson that he could only be sentenced to ten years’ imprisonment. An accused has a constitutional right to be informed of the minimum and maximum sentence. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The trial judge also mistakenly sentenced Thompson to a term of imprisonment in excess of that authorized by statute. Smith, supra.
The Attorney General, in brief, concedes that the requirements of Boykin have not been satisfied. The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.