TAYLOR, Judge.
Michael Ray Peavy was charged with first degree theft (of an automobile), in Washington County, Alabama. Awaiting trial, he and another inmate, while helping paint the Washington County jail, escaped. Peavy was apprehended and charged with escape in the first degree. He was represented by appointed counsel, Hon. Jerry L. Turner. When the cases came up for trial, a plea bargain was negotiated. Peavy had one prior felony conviction. His attorney, Turner, managed to get the charge of car theft dismissed, and the escape charge reduced from first degree down to third degree with an agreement to an eight-year sentence. In addition, three felony charges pending against Peavy in Mobile County, possession of a sawed-off shotgun, first degree theft, and possession of stolen property, were to be nol-prossed. The guilty plea proceeding in the escape case was completed without incident.
Peavy filed a petition for writ of error coram nobis and the petition was dismissed. This court returned the case to the trial court for an evidentiary hearing; the petition was denied, hence this appeal.
I
Appellant avers that he received ineffective assistance of counsel in a number of respects. He first contends that he might have used the defense of “necessity” to the charge of escape, arguing that the escape was necessary to receive medical attention. Peavy had received a gunshot wound to the leg during a dispute in October 1982, before his arrest for stealing a vehicle in November 1982. During his incarceration and before his escape on February 15, 1983, he had been seen by two Chatom doctors, Dr. Hubbard and Dr. Patterson, two or three times each. He was also treated by a Dr. Taylor. His counsel interviewed Dr. Hubbard and a Dr. Cope in Mobile. Each doctor refused to support Peavy’s claim that his pain was so great that he had to leave jail for medical treatment.
Peavy also claimed that the jail personnel administered his medicine to him for this wound “only occasionally,” but there was no further evidence of this. With the case in this posture the defense of “necessity” would have been totally unsupported by any evidence other than Peavy’s word. The symptoms claimed by Peavy were either subjective or such things as might have been induced or aggravated by himself. There was no ineffective assistance of counsel as regards the defense of necessity.
II
While Peavy’s third attorney alleges that Turner “failed to properly advise [the] petitioner of available defense(s) to the crimes charged,” the trial court heard the testimony and found the facts to be otherwise. Mr. Turner interviewed the doctors about this “necessity” defense. It is clear to this court that the decision not to use the defense was a matter of sound trial strategy after investigation.
III
Peavy next alleges ineffective assistance of counsel in that he says his attorney did not tell him the correct minimum and maxi *78 mum penalties for the offense. The charge was reduced to third degree escape, a one-to-ten offense, enhanced by one prior felony conviction to two-to-twenty years. There was sufficient evidence to support the finding of fact on the part of the trial judge:
“10. That the court-appointed attorney for the defendant in case No. CC-83-009 did confer with the defendant, did investigate the offense, and did interview relevant witnesses concerning the offense and any purported defense thereto by the defendant....”
IV
Appellant contends also that Turner told him that the pending charges would be presented consecutively, and that each would constitute a prior conviction to enhance punishment in the next. In fact, the offenses were all committed before any conviction and so could not be used in this way. Turner denies telling Peavy this. The court, after hearing all the testimony, obviously believed Turner, and it ruled that the plea of guilty was voluntary. There is sufficient evidence to support this finding. In its order, the court stated:
“15. That the defendant did receive effective assistance of counsel in case No. CC-83-009; that the defendant’s guilty plea in case No. CC-83-009 was voluntary; and that the defendant’s court-appointed attorney did properly investigate the facts which were the basis of the charge in case No. CC-83-009....”
The petitioner has failed to prove any ineffective assistance of counsel, and so has failed to carry his burden of proof. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Chapman v. State, 412 So.2d 1276 (Ala.Cr.App.1982). Consequently, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.