James L. Smith pled guilty to first degree rape and first degree burglary. Sentence was thirty years' imprisonment in each case, the sentences to run concurrently.
Since a defendant waives several constitutional rights by pleading guilty, due process requires that the plea be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742,90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "Subsequent to Boykin [v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], it has become established that the defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea."Carter v. State, 291 Ala. 83, 85, 277 So.2d 896 (1973). If the defendant has prior felony convictions, he must be advised of the proper sentence to which he was subject under the Habitual Felony Offender Act. Abbott v. State, 459 So.2d 995, 996
(Ala.Cr.App. 1984); Miliner v. State, 414 So.2d 133, 134-35
(Ala.Cr.App. 1981). See also Thompson v. State, 441 So.2d 1058,1059 (Ala.Cr.App. 1983); Hall v. State, 418 So.2d 946, 948
(Ala.Cr.App. 1982); Alston v. State, 414 So.2d 488-89 (Ala.Cr.App. 1982); McGhee v. State, 412 So.2d 327, 328
(Ala.Cr.App. 1982). "The reason a defendant must be advised of the maximum sentence he could receive in pleading guilty is so that his plea will represent a knowing and intelligent choice among known alternatives." Chapman v. State, 412 So.2d 1276,1277 (Ala.Cr.App. 1982).
The record reveals that Smith was never informed of the proper sentences he could receive. Smith was separately indicted for first degree rape and first degree *Page 183 
burglary. On January 6, 1986, Smith signed an "explanation of rights and plea of guilt" form, which stated in pertinent part:
 "Under the indictment returned against you in this case by the Grand Jury of this county, you are charged with the crime of Burglary 1st and Rape 1st
which is a Class A felony. In the event you plead guilty to said crime, . . . the law provides for punishment in the penitentiary for not less than 15
nor more than life for such offense. . . . Provided further that at a sentencing hearing should the State of Alabama prove to this Court that prior to committing this offense, you have previously been convicted of any one (1) felony, then the said imprisonment term must be for not less than N/A nor more than _____, . . ."
This form did not inform Smith that he would receive two separate sentences or that he would be sentenced as a habitual felony offender. Additionally, the form did not state the correct potential sentence for the first time conviction of a Class A felony which is "for life or not more than 99 years or less than 10 years." Alabama Code 1975, § 13A-5-6.
On January 6, 1986, before accepting Smith's guilty pleas, the circuit court judge advised him that the potential sentence for rape in the first degree was "ten years up to life in the penitentiary" and that the potential sentence for burglary in the first degree was "ten years up to life." The judge also informed Smith, "If you have any prior felony or felonies, of course, and the State moves the Court to invoke the Habitual Offender Act and proves you have a prior felony or felonies, your sentence can be increased proportionately, based upon the classification of the prior felony or felonies." (Emphasis added.) This instruction does not satisfy the constitutional requirement that the accused be informed of the minimum and maximum potential sentence and is misleading in that it affords the impression that the application of the Habitual Felony Offender Act is discretionary. Before the guilty pleas were accepted, Smith did not acknowledge any prior conviction and the prosecutor made no indication that any existed.
On January 17, 1986, the sentencing hearing was held, at which time the following occurred:
 "THE COURT: You [Smith] have a lot of good letters. And you have been in the penitentiary once, but not holding that against you, I will just let you know that.
 "MR. JAMES [Assistant District Attorney]: The State moves to invoke the Habitual Offender Act and provides the Court with one certified copy of a prior conviction and would state to the Court that this charge carries a mandatory twenty year penitentiary sentence." (Emphasis added.)
The judge granted the State's motion and the prosecutor requested that Smith be given a life sentence. Defense counsel opposed this recommendation and stated that he "didn't know about a prior record." The judge stated that he was going to impose a thirty-year sentence and asked the prosecutor, "What is the sentence in this case?" The prosecutor replied, "It carries a sentence from twenty to life." The judge then sentenced Smith: "I sentence you to thirty years in 85-1684 [burglary] to run concurrently with the sentence imposed in 85-1683 [rape]."
It is somewhat difficult to comprehend the logic of the appellate argument of the Assistant District Attorney (who has filed a memorandum brief in this Court) that Smith's plea was knowingly and intelligently entered when that very same prosecutor misstated the potential range of sentences in the circuit court. Alabama Code 1975, § 13A-5-9, provides that upon conviction for a Class A felony, the punishment for an offender with one prior felony conviction is "imprisonment for life or for any term of not more than 99 years but not less than 15 years."
The confusion in the circuit court is evidenced by the State's positions on appeal. *Page 184 
The Attorney General, apparently under the belief that Smith had two prior convictions, initially responded to the appellant's brief by declining to file a brief and requesting that the cause be remanded "for proceeding in accord" withMiliner, supra, and other cases. Subsequently, the Attorney General requested to be permitted to withdraw this response on the ground that "[i]t appears from the record that the defendant may have had two prior felony convictions, thus making the minimum and maximum sentences as given by the trial court incorrect. However, appellee now knows that the defendant has only one prior felony."
The Attorney General's new knowledge is gained from the "memorandum brief" filed in this Court by the Assistant District Attorney. The "exhibits" attached to this brief, including the judgment entries of the Circuit Court of Madison County, have not been made a part of the record on appeal and are not properly before this Court. Tyus v. State,347 So.2d 1377, 1379-80 (Ala.Cr.App.), cert. denied, Ex parte Tyus,347 So.2d 1384 (Ala. 1977).
Before the circuit judge accepted Smith's guilty pleas, he only informed him of the minimum and maximum sentences for a first-time felony offender. Therefore, whether Smith was actually sentenced as a felony offender with one or two prior convictions is insignificant, for, in either event, Smith was not advised of the correct potential sentence before he pled guilty.
"It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Boykin,395 U.S. at 242, 89 S.Ct. at 1711. Under these circumstances, this Court has no alternative but to reverse the judgment of the circuit court and remand this cause for further proceedings.
REVERSED AND REMANDED.
All Judges concur.