The petitioner was arrested and indicted on charges of rape, burglary, and sodomy, all arising out of the same alleged incident. As a result of a plea bargain agreement, the sodomy charge was nol-prossed and the petitioner pleaded guilty to the charges of first degree rape and first degree burglary. After a sentencing hearing, the petitioner was sentenced to 30 years on each conviction, the sentences to run concurrently.
Subsequently, the petitioner filed a motion seeking to withdraw his guilty pleas, claiming that he did not enter the guilty pleas knowingly or voluntarily. The trial court denied this motion. The Court of Criminal Appeals, however, found that the petitioner had not been properly informed of the potential sentences before pleading guilty, reversed the conviction and sentences, and remanded the cause to the trial court. Smith v.State, 494 So.2d 182 (Ala.Cr.App. 1986).
The State then moved to reinstate the charge of first degree sodomy. On remand, the case was reassigned to the same trial judge, and he granted the State's motion to reinstate the original indictment. After a hearing on a number of defense motions, trial was conducted on the merits of the case. The jury returned a verdict of guilty on all three counts. After a sentencing hearing, the petitioner was sentenced to life imprisonment for the conviction of first degree sodomy, which term was to run concurrently with a life term for the first degree burglary conviction. The petitioner was also sentenced to a term of 150 years for the conviction of first degree rape, that sentence to run consecutively to the other two sentences. The Court of Criminal Appeals affirmed the conviction, affirmed the life sentences for the sodomy and burglary convictions, and remanded to the trial court for resentencing on the rape conviction. 515 So.2d 14.
We granted the defendant's request for review of the Court of Criminal Appeals' judgment affirming the judgment of sentence that enhanced the petitioner's sentence for burglary from 30 years to life imprisonment. The 150-year sentence for rape and the life sentence for sodomy are not before us for review. We reverse and remand as to the enhanced sentence for burglary.
In the resentencing of the petitioner after remand and conviction, the trial court stated:
 "The court finds that since I did not hear all the testimony during your plea and now at trial have heard all the testimony . . ., the court finds that it's proper to increase the [burglary] sentence beyond that which was given you on the plea bargain."
It is clear that the trial judge increased the petitioner's sentence because of his subjective observations and not because of any objective evidence of events *Page 15 
subsequent to the petitioner's first conviction. We adopt the langugage from Rice v. Simpson, 274 F. Supp. 116 (M.D.Ala. 1967), affirmed, 396 F.2d 499 (5th Cir. 1968), affirmed sub nom. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656 (1969), as the applicable rule in Alabama:
 "[T]here can be no increase in a sentence in a criminal case after the sentence is imposed. . . . To deny such protection to convicted criminals who elect to exercise their post-conviction remedies and do so successfully is unfair discrimination and does nothing except to serve to limit the use of post-conviction proceedings in the Alabama state courts by prisoners. It denies the prisoner the protection of his original sentence as a condition to the right of his appealing his conviction or exercising his post-conviction remedies."
274 F. Supp. at 122. See, also, Ex parte Tice, 475 So.2d 590
(Ala. 1984).
In support of the affirmance of the petitioner's enhanced sentence in the burglary conviction, the State quotes the following language from North Carolina v. Pearce, 395 U.S. 711,89 S.Ct. 2072, 23 L.Ed.2d 656 (1969):
 "A trial judge is not constitutionally precluded . . . from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 U.S. 241, 245 [69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)]. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in Williams v. New York, supra, that a state may adopt the prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime. Id., at 247 [69 S.Ct. at 1083]."
395 U.S. at 723, 89 S.Ct. at 2079-80.
The State's reliance on Pearce is misplaced. Indeed, in unmistakable terms, the holding in Pearce makes it abundantly clear that the authorization for an enhanced resentencing "in the light of events subsequent to the first trial" is an exception to the general rule that, absent such evidence, a sentence imposed at the first trial may not be enhanced upon reconviction at the second trial after the first conviction has been overturned on appeal and remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
MADDOX, BEATTY and ADAMS, JJ., dissent.