539 So.2d 1085 (1988)
James McCONICO, Jr.
v.
STATE.
6 Div. 707.
Court of Criminal Appeals of Alabama.
August 23, 1988.
On Return to Remand October 11, 1988.
Rehearing Denied December 30, 1988.
Certiorari Denied March 3, 1989.
*1086 Katheree Hughes, Jr., Birmingham, for appellant.
Don Siegelman, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-431.
PATTERSON, Judge.
Appellant, James McConico, Jr., was convicted of murder on January 5, 1984, after a jury trial, was and sentenced as a habitual offender, with two prior felony convictions, to life imprisonment. Ala.Code (1975), §§ 13A-6-2 and 13A-5-9. The conviction was affirmed on appeal. McConico v. State, 458 So.2d 743 (Ala.Cr.App.1984).
Subsequently, appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama, seeking to have the two prior felony convictions vacated. On January 24, 1988, the district court granted the petition and vacated the prior convictions. McConico v. Davis, Civ. No. 86-A-1071-S (N.D.Ala., Jan. 21, 1988). The order of the district court shows, in pertinent part, the following:
"After careful consideration of the record in this case, the magistrate's report and recommendation and the respondents' objections thereto, the Court hereby ADOPTS the report of the magistrate which GRANTS habeas corpus relief to petitioner on his claims of involuntary guilty plea and ineffective assistance of counsel. It is therefore ORDERED, ADJUDGED and DECREED that the petition for habeas corpus relief filed by James McConico, Jr. seeking to vacate the sentence imposed on him on January 7, 1977 in the Circuit Court of Jefferson County, Alabama in case numbers 35490 and 35491 be and the same hereby is GRANTED without prejudice to the right of the State of Alabama to take further action with respect to said cases within a reasonable time.
"Further, as petitioner's petition for writ of habeas corpus does not challenge the enhanced sentence imposed following the January 8, 1984 conviction in the Circuit Court of Jefferson County, Alabama which petitioner is presently serving, the Court expresses no opinion as to the effect of this ruling on the 1984 sentence. No claim is presently made with regard to the constitutionality of the 1984 sentence and such matters are properly left to the initial determination of the state courts of Alabama on proper petition."
R. 59-60.
Thereafter, appellant filed a petition for writ of habeas corpus in the trial court which had previously sentenced him to life imprisonment, seeking to have his sentence set aside and seeking a resentencing in light of the district court order vacating his prior convictions. The petition was granted, *1087 a resentencing hearing was held, and appellant was sentenced again to life imprisonment. The record shows, in pertinent part, the following:
"THE COURT: All right, I've entered this order, `The order of sentence of January the 5th, 1984, is hereby set aside, and a new sentence hearing is being conducted, is conducted now.
"`This court was not considering any prior felony convictions in fixing punishment in this cause'....
"Bring the defendant up.
"I want to say this: In view of the eloquent statements made by counsel for the Petitioner/Defendant here, that the jury didn't believe Mr. McConico at the trial. He presented, and I allowed him to present, and he was ably represented by counsel at that time, and presented his side of the issues involved and presented the defense of self-defense, and the jury didn't believe him. And it makes no difference what my feelings are, because I have no reason to go behind the jury verdict of guilty of murder.
"Punishment is fixed at life imprisonment in the penitentiary.
"...
"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for life."
Appellant contends that the trial court improperly imposed a harsher sentence in resentencing him and thereby violated his due process rights. He relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Texas v. McCollough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). He claims that the sentence reflects a vindictiveness of the trial court against him for his successful attack of the prior convictions used to enhance his first sentence under the Habitual Felony Offender Act and for other actions that he has taken in the case in order to assert his rights.
"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Footnote omitted.)
North Carolina v. Pearce, 395 U.S. at 725-26, 89 S.Ct. at 2080-81. Where the prophylactic rule of Pearce does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. Texas v. McCollough; Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).
We understand the trial court to say, in its resentencing order, that it did not consider the two prior convictions when originally sentencing appellant to life imprisonment. We take judicial notice of the record of appellant's trial and have reviewed it again insofar as it pertains to the sentencing of appellant. Our review indicates a possible conflict or some confusion between what the record reflects and what the trial court recollects. The sentencing colloquy does, in fact, indicate that the prior convictions were considered in sentencing appellant to life imprisonment, for it reads, in pertinent part, as follows:
"THE COURT: James McConico, the jury has returned a verdict in this case, and the verdict reads as follows:
"`We, the jury, find the defendant guilty of murder as charged in the indictment,' *1088 and it's signed `Joe Speights, as foreman.'
"It is now incumbent upon the Court to conduct a sentence hearing, especially due to the fact that during the testimony it came out that you had two prior felony convictions prior to this offense being committed. Is the State prepared to proceed...[?]
"...
"THE COURT: Go ahead, Mr. Bragan [prosecuting attorney].
"MR. BRAGAN: Your Honor, I have right here, it's been marked State's Exhibit 3. I have a certified copy of a Jefferson County Trial Docket sheet, State of Alabama versus James McConico, Jr., shows here that he was represented by an attorney, and the name is Romeo..... It just says attorney Romeo, shows on October 25, 1976, that he entered a plea of guilty to a charge of grand larceny, and that he was sentenced to two years by Judge Nice. Also, I have Case No. 35491.
"Also, I have in my possession certified copy of a trial docket sheet from Jefferson County, Case 35490, which shows that heState of Alabama versus James McConico, Jr., attorney again was Mr. Romeo, and on that same date, October 25, 1976, Mr. McConico entered a plea of guilty to the charge of burglary and grand larceny and was sentenced to two years by Judge Nice.
"THE COURT: It shows two prior felony convictions.
"MR. BRAGAN: Yes, sir, on that same date.
"THE COURT: Go ahead and introduce them into evidence.
"MR. BRAGAN: I would offer these at this time, Your Honor.
"(The above mentioned instrument was received in evidence and marked State's Exhibit 3 S.)
"THE COURT: Mr. Pickard [defense attorney], I would be glad to hear from you.
"MR. PICKARD: Judge, there is not much that I can say. There is only one sentence I understand that you can give him. ...
"THE COURT: This would be under the Habitual Offender Act because the defendant in open court has admitted to both of the prior convictions. ...
"...
"THE COURT: There is an alternative under the Habitual Offender Act is by imprisonment for a period of life or not less than ninety nine years.
"MR. PICKARD: Life.
"THE COURT: It states in Section 13A-5-9 subsection (b)(3) on conviction of a Class A felonymurder in the State of Alabama is a Class A felonyhe must be punished by imprisonment for a term of life or for any term of not less than ninety nine years.
"....
"THE COURT: ....
"James McConico, the Court having adjudicated you an Habitual Offender because you have had two prior felony convictions prior to the commission of this offense, and the jury having found you guilty of a Class A felony the Court is fixing punishment at life imprisonment in the penitentiary. Do you have anything to say why the Court at this time should not impose sentence?
"THE DEFENDANT: Judge Jasper, I have only one thing I wish that I could do. My little boys are at home. I just want to see my children and talk to my family. Other than that I know you have to do your job also.
"THE COURT: You understand that I have to do that[?]
"THE DEFENDANT: Yes, sir, I understand.
"THE COURT: Do you have anything to say why the Court at this time should not impose sentence?
"THE DEFENDANT: Other than the fact that I know the jury found me guilty, but nothing more I can say, Judge. ....
"THE COURT: ....
"Do you have anything further you want to say why the Court at this time should not impose sentence?
*1089 "THE DEFENDANT: No, sir.
"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of life. ..."
In contrasting the trial court's most recent remarks against the colloquy as quoted above, we note an apparent misunderstanding. We remand this cause for further proceedings, for the trial judge to have the opportunity to explain the apparent inconsistency or to elaborate on his recollections, so that we may have a better understanding of the trial judge's consideration in sentencing appellant. We deem this necessary to enable us to address the constitutional issue implicated. Due return should be filed with this court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
Finding the record unclear as to whether the trial court considered the prior convictions of appellant in arriving at the initial sentence, we remanded this case for an explanation of the sentence imposed. Since appellant was sentenced initially to life imprisonment, possibly as a habitual offender with two prior felony convictions and was subsequently resentenced to life imprisonment after successfully obtaining a vacation of the prior convictions in a federal habeas corpus proceeding, an argument can be made that the subsequent sentence was harsher than the first sentence, giving rise to a presumption of vindictiveness and calling into play the prophylactic rule of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
The trial court has complied with our order of remand and filed a return explaining the sentences in detail. We conclude from the trial court's explanation that the prior convictions were not considered for enhancement purposes in arriving at the initial sentence of life imprisonment. The explanation reveals that the trial court would have sentenced appellant to life imprisonment because of the circumstances of the crime committed even if there had been no prior convictions. A sentence of life imprisonment was within the statutory range authorized without application of the Habitual Felony Offender Act. The trial court's explanation is not inconsistent with the record and clarifies it to our satisfaction.
We conclude that the prophylactic rule of Pearce does not apply in this case. Appellant did not receive a harsher sentence when resentenced. As the trial court explained, it rendered a sentence identical to the first sentence, without resort to prior convictions and uninfluenced by appellant's successful habeas corpus proceeding.
We further conclude that the record in this case provides no basis for a presumption of vindictiveness, nor does it contain any evidence from which it could be reasonably concluded that the trial judge harbored any vindictiveness or displayed any improper motive toward appellant.
The sentence which appellant ultimately received was not violative of due process; hence, the judgment of the trial court is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.