McMILLAN, Judge.
Steve Lamar Raines was convicted of extortion in the first degree, in violation of § 13A-8-14, Code of Alabama (1975). He was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act, based upon three prior convictions. The appellant filed a post-judgment motion to set aside or to amend his sentence. Following a hearing thereon, the trial judge concluded that two of the prior Georgia convictions could not be used to enhance appellant’s sentence. However, the judge determined that a prior Georgia conviction for interference with government property could be used for sentence enhancement, as it was similar to the Alabama felony offense of injury to or destruction of state property, etc., by a convict or prisoner. See § 14-11-10, Code of Alabama (1975). The appellant was sentenced to fifteen years and ordered to pay restitution in the amount of $4,000.00.
*531 I.
The appellant contends that the trial court improperly applied the prior Georgia conviction for sentence enhancement purposes, because, he argues, the “criminal act revealed by the Georgia records of conviction would not have constituted a misdemeanor or a felony in Alabama under the requirements of § 14-11-10.”
Pursuant to Rule 6(b)(3)(iv), Alabama Temporary Rules of Criminal Procedure, “[a]ny conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980.”
The Georgia indictment under which the appellant was convicted of criminal interference with government property reads in pertinent part as follows:
“Steven L. Raines did on the 7th day of March in the year [1978] in the county aforesaid, ... unlawfully destroy, damage and deface certain government property, to-wit: The Dade County Common Jail, property of Dade County, Georgia, by sawing through the bars on the window and breaking a window contrary to the laws of said State ...”
The Georgia statute upon which the indictment was based reads in pertinent part as follows:
“(a) A person commits the offense of interference with government property when he destroys, damages, or defaces government property and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than .five years.” Ga.Code Ann. § 16-7-24 (1982).
The Alabama statute determined to be similar to the Georgia statute of interference with government property is § 14-11-10, Code of Alabama (1975); it is entitled “Injury to or destruction of state property, etc., by convict or prisoner,” and it reads as follows:
“Any convict or prisoner who willfully or maliciously injures or destroys any building or property belonging to the state or any agency or instrumentality thereof of value in excess of $25.00 is guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary for not less than one nor more than five years.”
The appellant argues that the elements of the statute differ to such an extent that the commission of one could not be said to equate to the commission of the other; therefore, he argues, it would not fall under the purview of Rule 6(b)(3)(iv), Alabama Temporary Rules of Criminal Procedure.
It appeared from the indictment that the appellant was a prisoner or convict at the time of the offense, and that the offense resulted in damage in excess of $25.00 in value, in which case the Georgia conviction would have properly been applied for sentence enhancement purposes. However this Court cannot base its opinions on appearances that are not substantiated by the record. There is is insufficient information in the record from which this Court can determine if the conduct forming the basis of appellant’s conviction in Georgia would likewise establish a felony conviction under the present laws of Alabama.
Therefore, this case is remanded for the trial court to make findings as to whether the conduct made the basis of the Georgia conviction would constitute a felony under Alabama’s present Code, and to resentence the appellant according to those findings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This cause was originally remanded to the trial court for a finding as to whether the conduct of the appellant, which provided the basis for his conviction under Ga. Code Ann., § 16-7-24 (1982), would constitute a felony under the present Alabama *532 Code, and for resentencing in accordance with its findings. On return to remand, the trial court determined that the appellant’s Georgia conviction could not be used for enhancement purposes, and thereafter resentenced the appellant to a term of 15 years’ imprisonment, without application of the Habitual Felony Offender Act. This is the same sentence that the appellant had previously received under the Habitual Felony Offender Act, but is within the statutory range of punishment prescribed for a Class B felony. See § 13A-5-6, Code of Alabama (1975).
I.
On return to remand, appellant argues that if the trial court considered his original sentence of 15 years’ imprisonment to be appropriate in light of a prior felony conviction, then resentencing him to the same term when there is no prior conviction for enhancement purposes necessarily constitutes a harsher sentence than previously imposed. He therefore contends that, because the record fails to state a reason for the greater sentence, the due process requirements of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), have not been met.
In McConico v. State, 539 So.2d 1085 (Ala.Cr.App.1988), this court addressed facts similar in nature to those of the present case.
In McConico, the appellant was convicted of murder and was sentenced as a habitual offender with two prior felony convictions. Thereafter, the appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama, seeking to have the two prior convictions vacated. The district court granted the appellant’s petition, and vacated his prior convictions.
The appellant then filed a petition for writ of habeas corpus in the trial court, which had previously sentenced him to life imprisonment, seeking to have his sentence set aside and seeking resentencing in light of the order vacating his prior convictions. The trial court granted the appellant’s petition, held a resentencing hearing, and again sentenced him to life imprisonment. In remanding that case to the trial court for further findings of fact, Judge Patterson, writing for this Court, held:
“Appellant contends that the trial court improperly imposed a harsher sentence in resentencing him and thereby violated his due process rights. He relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). He claims that the sentence reflects a vindictiveness of the trial court against him for his successful attack of the prior convictions used to enhance his first sentence under the Habitual Felony Offender Act and for other actions that he has taken in the case in order to assert his rights.
“ ‘Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant’s exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
“ ‘In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made a part of the record, so that the constitutional legitimacy of the increased sentence may be fully viewed on appeal.’ (Footnote omitted).
*533 “North Carolina v. Pearce, 395 U.S. at 725-26, 89 S.Ct. [at] 2080-81. Where the prophylactic rule of Pearce does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. Texas v. McCullough; Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).”
Id. at 1087.
Implicit in this Court’s order of remand in McConico is the finding that, where a defendant is resentenced to the same term without sentence enhancement as was originally imposed under the Habitual Felony Offender Act, the second sentence must be viewed as being greater than the first. This being the case, and the trial court having stated no reasons in the record for the greater sentence, this cause is therefore due to be again remanded for the trial court to enter an order, in compliance with Pearce, supra, and McCullough, supra, stating its reasons for the greater sentence.
OPINION EXTENDED; REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
After initial remandment, this cause was again remanded to the trial court with the instructions that the court enter an order in compliance with North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), stating its reasons for resentencing the appellant to a harsher sentence than it had previously imposed upon him.
On return to remand, the trial court entered a detailed order, which states as follows:
“This case is before the court on remand from the Court of Criminal Appeals for a statement of reasons for the sentence of fifteen years heretofore imposed against the defendant.
“A brief statement of the history of this case is appropriate to place the present proceeding in proper perspective.
“The defendant was charged by indictment with extortion, first degree. More specifically, the indictment alleged that he knowingly obtained by threat to cause physical harm to Eugene Cushion, a check in the amount of $4,000 with intent to deprive him of such property.
“At the trial, there was testimony that the defendant told his girl friend, Rita Wilbanks, that he planned to blackmail his employer, Eugene Cushion. Later that night, the defendant demanded money from Cushion and when he refused the demand, the defendant struck Cushion in the chest, head,, and face. Cushion’s glasses were knocked off and his face was caused to bleed. Cushion, who is smaller than the defendant and very unassertive, agreed to the defendant’s demands if he would stop hitting him. The defendant then accompanied Cushion to Cushion’s house to get his check book. The defendant had his girl friend write out a check for $4,000 and Cushion signed it.
“The defendant threatened to kill Cushion and burn his house and business if he stopped payment on the check. The next day, the defendant cashed the check, bought a car, and otherwise spent the money.
“The jury returned a verdict finding the defendant guilty as charged.
“At the initial sentencing in this case, the State presented evidence of three prior convictions which the court considered as applicable under the provision of the Habitual Offender law, whereupon the court imposed a sentence of life.
“Later, the defendant filed a motion to set aside or amend the sentence. After conducting a hearing on such motion, the court concluded that two of the prior convictions presented to invoke the Habitual Offender law were not due to be considered for that purpose because one resulted from a nolo contendere plea, and the other conviction arose from an offense which occurred when the defendant was seventeen years of age.
*534 “The court then re-sentenced the defendant imposing a sentence of fifteen years. At that time the court considered only one prior felony conviction, destruction of public property, as applicable to invoke the Habitual Offender law. Later, the Court of Criminal Appeals remanded the case for a determination of whether the value of the property destroyed was sufficient to constitute the offense as a felony. After taking testimony on this issue, the court determined that the evidence of value was too speculative to conclude that the offense was a felony, and the court disallowed the conviction for purposes of the Habitual Offender law. However, the court reimposed a sentence of fifteen years without applying the Habitual Offender law.
“In imposing a sentence of fifteen years, which was within the sentencing range available for this offense, the court considered the following factors:
“1. The offense was a serious offense in which the defendant used violence to take money from another against the owner’s will. The offense was aggravated by the victim’s unassertive demeanor which made him easy prey for the defendant.
“2. The defendant’s past criminal conduct was extensive. Although the convictions for sodomy, theft, and destruction of property were not applicable to invoke the Habitual Offender law, they were nevertheless relevant to the sentencing process and provide some insight to what sanction would be appropriate to deter the defendant from future criminal behavior. The defendant also has a prior harassment conviction, disorderly conduct conviction, and conviction for violating the prohibition law. At the time of sentencing, he had several pending charges for driving under the influence of alcohol and other traffic violations.
“3. The defendant’s employment record was not good. He had never kept a job for very long and was frequently fired for poor attendance.
“4. The defendant’s community reputation was bad.
“5. Not only did the defendant make threats of deadly harm against the victim in connection with the commission of the offense, he also threatened to kill his girl friend if she testified against him.
“The picture which emerges from the evidence cited above is that of an individual who has no respect for the property or safety of other people, no respect for law, and one who seeks in whatever way available to avoid the consequences of his criminal behavior. This conclusion was strengthened and reaffirmed by evidence which first came to the court’s knowledge at the time of the last sentencing hearing that the defendant fled out of state upon his escape from the Dade County, Georgia jail.
“The court sought to fashion a sentence in this case which would punish the defendant and deter him from criminal behavior in the future. It .was the court’s judgment at the time of sentencing and continues to be at this time that a sentence of now [sic] less than fifteen years is necessary to accomplish those purposes.” (Emphasis supplied.)
In McCullough, supra, the Supreme Court recognized that the circumstances of many cases make the likelihood of judicial vindictiveness on resentencing remote, and that the requirements of Pearce, supra, need not be applied in every instance in which the defendant receives a harsher sentence on resentencing:
“Beyond doubt, vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial. The Pearce requirements thus do not apply in every case where a convicted defendant receives a higher sentence on retrial. Like other ‘judicially created means of effectuating the rights secured by the [Constitution],’ Stone v. Powell, 428 U.S. 465, 482 [96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067] (1976), we have restricted application of Pearce to areas where its ‘objectives are thought most efficaciously served,’ 428 U.S., at 487 [96 S.Ct. at 3049]. Accordingly, in each case, we look to the need, under the circumstances, to ‘guard against vindictiveness in the resentenc- *535 ing process.’ Chaffin v. Stynchcombe, 412 U.S. 17, 25 [93 S.Ct. 1977, 1982, 36 L.Ed.2d 714] (1973) (emphasis omitted). For example, in Moon v. Maryland, 398 U.S. 319 [90 S.Ct. 1730, 26 L.Ed.2d 262] (1970), we held that Pearce did not apply when the defendant conceded and it was clear that vindictiveness had played no [part in the enlarged sentence. In Colten v. Kentucky, 407 U.S. 104 [92 S.Ct. 1953, 32 L.Ed.2d 584] (1972), we saw no need for applying the presumption when the second court in a two-tier trial system imposed a longer sentence. In Chaf-fin, swpra, we held Pearce not applicable where a jury imposed the increased sentence on retrial. Where the prophylactic rule of Pearce does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. Wasman v. United States, 468 U.S. 559, 569 [104 S.Ct. 3217, 3223, 82 L.Ed.2d 424] (1984).”
Id., 475 U.S. at 138, 106 S.Ct. at 978.
Moreover, the McCullough, Court noted: “Nothing in Pearce is to be read as precluding a rebuttal of intimations of vindictiveness. As we have explained, Pearce, permits ‘a sentencing authority [to] justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings.’ Wasman [v. United States], 468 U.S. at 572 [104 S.Ct. at 3224]; see also, id, at 573 [104 S.Ct. at 3225] (POWELL, J. concurring in part and concurring in judgment). This language, however, was never intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified. Restricting justifications for a sentence increase to only ‘events that occurred subsequent to the original sentencing proceedings’ could in some circumstances lead to absurd results.’’
Id., at 141, 104 S.Ct. at 980. (some emphasis supplied).
In Alabama v. Smith, — U.S. -, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Court further extended the rationale that it employed in McCullough, supra, and related cases. In Smith, the respondent was sentenced, pursuant to his guilty pleas, to concurrent terms of 30 years’ imprisonment on rape and burglary charges. Thereafter, the respondent moved to withdraw his guilty pleas on the grounds that they were not knowingly and voluntarily entered. The trial court denied the respondent’s motion but this Court reversed, finding that the respondent had not been properly informed of the penalties associated with the crimes to which he had pleaded, Smith v. State, 494 So.2d 182 (Ala.Cr.App.1986).
The case was reassigned to the same trial judge, and the appellant was charged not only with burglary and rape, but also with sodomy in the first degree, the charge that had previously been dismissed under the plea bargain agreement. In a jury trial, the respondent was found guilty of all three charges. This time, the trial judge sentenced the respondent to life imprisonment on the burglary conviction, a concurrent term of life imprisonment on the sodomy conviction, and a consecutive term of 150 years’ imprisonment on the rape conviction. The court explained the harsher sentence was justified because it was convinced, based on the evidence adduced in respondent’s trial, that its original sentence was too lenient. On appeal, this Court affirmed the respondent’s convictions, as well as the life sentences imposed for burglary and sodomy, but remanded the rape conviction for resentencing. The Alabama Supreme Court then granted Smith’s certio-rari petition, which requested review of the burglary sentence. Thereafter, the Court reversed and remanded for resentencing on the burglary conviction. Ex parte Smith, 557 So.2d 13 (Ala.1988). In reversing that Court’s decision, the United States Supreme Court held as follows:
“We think the same reasoning [as employed by the Court in Gotten, supra, and Chaffin, supra ] leads to the conclusion that when a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to the vindictiveness on the part of the sentencing judge. Even when the *536 same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial.”

Alabama v. Smith, supra.

The trial court states in its order on return to remand that it “sought to fashion a sentence in this case which would punish the defendant and deter him from criminal behavior in the future,” and “it was the court’s judgment at the time of sentencing and continues to be at this time that a sentence of now [sic] less than fifteen years is necessary to accomplish those purposes.” It is clear from the court’s order that it originally intended to sentence the appellant to a term of fifteen years’ imprisonment, whether or not the sentence was to be enhanced under the Habitual Felony Offender Act. This Court found such a reason to be acceptable in McConico, sura, at 1089, and we should do likewise in the present case. As further evidence that the trial court did not act out of vindictiveness, this Court notes that, pursuant to § 13A-8-14, Code of Alabama (1975), extortion in the first degree is a Class B felony. Therefore, the appellant could have been sentenced, without enhancement, to a maximum term of 20 years’ imprisonment. Section 13A-5-56, Code of Alabama (1975). This is greater than the sentence which the trial court actually imposed upon him.
For the reasons stated above, the judgment of the trial court is correct and is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.