This cause was originally remanded to the trial court for a finding as to whether the conduct of the appellant, which provided the basis for his conviction under Ga. Code Ann., § 16-7-24 (1982), would constitute a felony under the present Alabama *Page 532 
Code, and for resentencing in accordance with its findings. On return to remand, the trial court determined that the appellant's Georgia conviction could not be used for enhancement purposes, and thereafter resentenced the appellant to a term of 15 years' imprisonment, without application of the Habitual Felony Offender Act. This is the same sentence that the appellant had previously received under the Habitual Felony Offender Act, but is within the statutory range of punishment prescribed for a Class B felony. See § 13A-5-6, Code of Alabama
(1975).
 I.
On return to remand, appellant argues that if the trial court considered his original sentence of 15 years' imprisonment to be appropriate in light of a prior felony conviction, then resentencing him to the same term when there is no prior conviction for enhancement purposes necessarily constitutes a harsher sentence than previously imposed. He therefore contends that, because the record fails to state a reason for the greater sentence, the due process requirements of NorthCarolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656
(1969), and Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976,89 L.Ed.2d 104 (1986), have not been met.
In McConico v. State, 539 So.2d 1085 (Ala.Cr.App. 1988), this court addressed facts similar in nature to those of the present case.
In McConico, the appellant was convicted of murder and was sentenced as a habitual offender with two prior felony convictions. Thereafter, the appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama, seeking to have the two prior convictions vacated. The district court granted the appellant's petition, and vacated his prior convictions.
The appellant then filed a petition for writ of habeas corpus in the trial court, which had previously sentenced him to life imprisonment, seeking to have his sentence set aside and seeking resentencing in light of the order vacating his prior convictions. The trial court granted the appellant's petition, held a resentencing hearing, and again sentenced him to life imprisonment. In remanding that case to the trial court for further findings of fact, Judge Patterson, writing for this Court, held:
 "Appellant contends that the trial court improperly imposed a harsher sentence in resentencing him and thereby violated his due process rights. He relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656
(1969), and Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). He claims that the sentence reflects a vindictiveness of the trial court against him for his successful attack of the prior convictions used to enhance his first sentence under the Habitual Felony Offender Act and for other actions that he has taken in the case in order to assert his rights.
 " 'Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
 " 'In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made a part of the record, so that the constitutional legitimacy of the increased sentence may be fully viewed on appeal.' (Footnote omitted). *Page 533 
 "North Carolina v. Pearce, 395 U.S. at 725-26, 89 S.Ct. [at] 2080-81. Where the prophylactic rule of Pearce does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. Texas v. McCullough; Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984)."
Id. at 1087.
Implicit in this Court's order of remand in McConico is the finding that, where a defendant is resentenced to the same term without sentence enhancement as was originally imposed under the Habitual Felony Offender Act, the second sentence must be viewed as being greater than the first. This being the case, and the trial court having stated no reasons in the record for the greater sentence, this cause is therefore due to be again remanded for the trial court to enter an order, in compliance with Pearce, supra, and McCullough, supra, stating its reasons for the greater sentence.
OPINION EXTENDED; REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND